### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY DABBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12−cv−104−MJR |
| | ) |
| CHAPLAIN VAUGHN, ASSISTANT WARDEN OF PROGRAMS, RICK DENSMORE, RECORD OFFICE SUPERVISOR, MARC HODGE, and RELIGIOUS PRACTICE ADVISORY BOARD, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently released from prison but at the time of the events in question was incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  At the time that the lawsuit was filed Plaintiff was incarcerated at Lawrence, thus a review under 28 U.S.C. § 1915A is still applicable.  *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 n.2 (7th Cir. 2012).  Plaintiff claims that Defendants Chaplain Vaughn, unknown Assistant Warden of Programs, Rick Densmore, unknown Record Officer Supervisor, Warden Marc Hodge, and the Religious Practice Advisory

---

[1] The Court notes that Plaintiff's complaint purports to bring his claims as a class action.  However, this does not prevent the Court from screening this case pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).  *See Hall v. Brown*, Civil No. 10-724-GPM, 2011 WL 1403036, at *1 (S.D. Ill. April 13, 2011) (quoting *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff.")).  Also, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."  *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992)).

Board violated his First Amendment Right to free exercise of religious beliefs.  He also alleges that the Defendants violated federal statutory rights protected by the Religious Land Use and Institutionalized Persons Act (hereinafter RLUIPA).  More specifically, Plaintiff claims that since arriving at Lawrence Correctional Center, Chaplain Vaughn has taken many Jewish prisoners, including Plaintiff, off of Kosher diets.  Plaintiff notes that specifically on December 9, 2011, without notice, Dietary Manager Densmore cut all but five Jewish inmates off of the Kosher diet list.  At the same time, Defendant Vaughn removed the same inmates off of the monthly call passes for religious visits.  Vaughn allegedly informs the inmates that they were being taken off the list for buying non-Kosher foods from the commissary and required Jewish prisoners to document their need for such a diet by submitting a two paragraph essay.

Under 28 U.S.C. §1915A, the Court is required to conduct a prompt threshold review of the complaint.  On review, the Court shall identify cognizable claims or dismiss any portions of the Complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity.  28 U.S.C. §1915A(b). The law is clear that a prisoner retains his First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Sasnett v. Litscher*, 197 F.3d 290, 292 (7th Cir. 1999).  The observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990) (citing cases).  To establish a constitutional violation, the prisoner must show that the restriction substantially burdens the exercise of a constitutional right.  *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009); *see, e.g. Koger v.*

*Bryan*, 523 F.3d 789, 799 (7th Cir. 2008).  To establish a RLUIPA claim, a prisoner must show that the prison is imposing a substantial burden on the exercise of his religious rights, even if it is by the rule of general applicability.  Construing Plaintiff's complaint liberally, the Court finds that it should be divided into two counts; Plaintiff's federal cause of action for violations of the First Amendment (Count 1) and RLUIPA (Count 2).

### *Count 1 – First Amendment Violations*

Plaintiff's first Count seeks monetary damages for violations of his First Amendment rights from all Defendants.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for violations of his First Amendment rights against Defendants Chaplain Vaughn and Rick Densmore.

However, as to the Assistant Warden of Programs, the Warden Marc Hodge, and the Record Office Supervisor, the Court **DISMISSES** the First Amendment claims against them **without prejudice**.  Plaintiff states in his complaint that the Assistant Warden is liable because he directs the programs at Lawrence and is over the Chaplain and should have stopped the Chaplain from his actions.  Plaintiff also maintains the Warden is liable because he is responsible for the conduct of the other defendants in the case.  Plaintiff states that the record office used inadequate procedures for which the Record Office Supervisor is liable and that he supervises data entry.  The Assistant Warden of Programs, Record Office Supervisor and Marc Hodge, the Warden, however, cannot be held liable under a doctrine of *respondeat superior* and there is no allegation that they had any personal involvement in Plaintiff's claim.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Further, as to the Record Office Supervisor, Plaintiff has not alleged a First Amendment claim.  Plaintiff merely states that the supervisor should be asked what he  thought when Defendant Vaughn dropped twenty-five

inmates from the Kosher list and that the records office had inadequate procedures and that the supervisor was responsible for those entries, although Plaintiff does not indicate what those procedures were.   Plaintiff only indicates that the Record Office Supervisor is in charge of entering the data for the special diet list.

Further, as to the Religious Practice Advisory Board, the Court finds that Plaintiff cannot maintain an action against this entity.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" for damages purposes.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).  As the Religious Practice Advisory Board is a division of IDOC, it is a state agency and not subject to a suit for damages under § 1983.  *Will*, 491 U.S. at 71.  As to any injunctive relief sought by Plaintiff against this Defendant under RLUIPA, the Court will discuss that as part of its RLUIPA analysis.

*Count 2 – RLUIPA*

Plaintiff has also brought a claim for injunctive relief under RLUIPA.  RLUIPA prohibits prisons from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposing the burden (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.  *Nelson v. Miller*, 570 F.3d 868, 877 (7th Cir. 2009), (citing 42 U.S.C.§ 2000cc-1(a)).  But sovereign immunity shields state officials from monetary damages in their official capacity, *Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011), and RLUIPA does not allow for damages against prison officials in their individual capacity.  *Nelson*, 570 F.3d at 886–89.  So RLUIPA only affords an inmate injunctive relief.

However, injunctive relief is not proper in this case as any claim for injunctive relief by Plaintiff is now moot.  The Plaintiff's March 9, 2012, change-of-address notice indicates, and the IDOC's website confirms, that he has been paroled.  A prisoner's request for injunctive relief is rendered moot by his release from prison.  *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) (suit by inmate subscribing to Thelema religion who sought a meat-free diet was dismissed as moot to the extent that he sought injunction relief); *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (stating that once inmate transferred his prayer for declaratory relief largely dropped out): *Young v. Lane*, 922 F.2d 370, 373 (7th Cir. 1991) ("Unaccompanied by any continuing present injury or real and immediate threat of repeated injury, their past exposure to illegal conduct...does not show a pending case or controversy requiring injunctive relief, and we must vacate as moot that portion of their prayer for relief.").  Because the plaintiff is no longer incarcerated, he has no standing to seek injunctive relief.   Thus, the Court **DISMISSES without prejudice** as moot Plaintiff's RLUIPA claim (Count 2) which seeks injunctive relief, as he is no longer in prison.  To the extent Plaintiff seeks injunctive relief as part of his First Amendment claim (Count 1), that request for relief is also moot and thus the Court **DISMISSES without prejudice** that part of his First Amendment claim which seeks injunctive relief as moot due to his release from prison.

## PENDING MOTIONS

Pending before the Court is a motion for temporary restraining order, motion for preliminary injunction (Doc. 6).  Plaintiff seeks an injunction or restraining order requiring the prison to provide all Jews with Kosher diets which are varied in nature, and preventing prison staff from eating prisoner's Kosher meals.

A TRO is an order issued without notice to the party to be enjoined that may last

no more than 14 days.  FED.R.CIV.P. 65(b)(2).  A TRO may issue without notice only if:

> (A) Specific facts in an affidavit or a verified complaint clearly
> show that immediate and irreparable injury, loss, or damage
> will result to the movant before the adverse party can be heard
> in opposition; and (B) the movant's attorney certified in
> writing any efforts made to give notice and the reasons why it
> should not be required.

FED.R.CIV.P. 65(b)(1).

The United States Supreme Court has emphasized that a "preliminary injunction

is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a

clear showing, carries the burden of persuasion." *Christian Legal Society v. Walker*, 453 F.3d

853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 , 117 S.Ct. 1865,

138 L.Ed.2d 162 (1997) (emphasis in original)).  In considering whether to grant injunctive

relief, a district court must weigh the relative strength and weaknesses of a plaintiff's claims in

light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial

likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law;

(3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm

suffered by Plaintiff in the absence of the injunctive relief will outweigh the irreparable harm

that defendants will endure were the injunction granted; and (5) that the public interest would be

served by an injunction. *Teamsters Local Unions Nos. 75 and 299 v. Barry Trucking*, 176 F.3d

1004, 1011 (7th Cir. 1999).  *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's*

*Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-72 (7th Cir. 2009).

Neither a TRO nor a preliminary injunction is warranted here as his claim for

injunctive relief is now moot.  As discussed previously in this Order, Plaintiff has been released

from prison.  Thus, his claim for injunctive relief is now moot.  Accordingly, the Court **DENIES**

Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 6).

### DISPOSITION

Defendants Assistant Warden of Programs, the Warden Marc Hodge, Record

Office Supervisor, and the Religious Practice Advisory Board are **DISMISSED from this**

**action without prejudice.**  Plaintiff's RLUIPA claim (Count 2) is also **DISMISSED without**

**prejudice.**

As to Defendants Chaplain Vaughn and Rick Densmore, the Clerk of Court shall

prepare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2)

Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy

of the complaint, and this Memorandum and Order to each Defendant's place of employment as

identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

With respect to a Defendant who no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address.  This information shall be used

only for sending the forms as directed above or for formally effecting service.  Any

documentation of the address shall be retained only by the Clerk.  Address information shall not

be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED**.

     DATED: August 22, 2012

                                   */s/ Michael J. Reagan*

                                   MICHAEL J. REAGAN
                                   United States District Judge